IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNON MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-001 (MN) |
| | ) | |
| MANDY ONUOHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 13th day of August 2021:

1. **Introduction**. Plaintiff Vernon Montgomery ("Plaintiff"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, is an inmate at the James T. Vaughn Correctional Center. He filed this lawsuit pursuant to 42 U.S.C. § 1983. Before this Court are three motions filed by Plaintiff. (D.I. 65, 69, 85).

2. **Motion for Summary Judgment**. Plaintiff filed a motion for summary judgment on January 26, 2021. (D.I. 65). On April 8, 2021, Plaintiff filed a second motion for summary judgment that is identical to the January 26, 2021 motion except the April 8, 2021 motion has additional exhibits. (D.I. 79). This Court will deny without prejudice the January 26, 2021 motion for summary judgment and will consider in due course the April 8, 2021 motion for summary judgment as it contains additional exhibits.

3. **Motion to Include Additional Prayer for Injunction**. Plaintiff seeks to amend the prayer for relief to include a request for injunctive relief "on the Department of Correction of Delaware to grant due process rights to inmates faced with possible disciplinary sanctions." (D.I. 69). Plaintiff may not seek relief from a non-party. The Delaware Department of

Correction ("DOC") is not a named defendant.[1]   Moreover, as an agency of the State of Delaware, the DOC has immunity under the Eleventh Amendment.   The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought.   *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).   The motion will be denied.

4.     **Motion to Compel**.   Plaintiff moves to compel Defendants to produce the complete video footage of September 3, 2019 from 9:30 p.m. to 10:00 p.m. in SHU-17 A-tier. (D.I. 77, 85).   Plaintiff contends that the video produced by Defendants "is missing parts." (D.I. 85).

5.     Pursuant to Fed. R. Civ. P. 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."   Defendant Jacob Payton ("Payton") advises this Court that he has provided all known video footage, that the "footage clearly shows the incident relevant to Plaintiff's claims", and that he exercised due diligence in attempting to locate additional video/camera footage that might meet Plaintiff's request, to no avail.   Defendants cannot produce that which does not exist.   The motion to compel will be denied.

---

[1]     The DOC was placed on the Court docket as a Petitioner when it filed a petition for appointment of counsel for Defendant Mandy Onuoha pursuant to 10 Del. C. § 3925 and Delaware Supreme Court Rule 68.   (*See* D.I. 12).

THEREFORE, IT IS HEREBY ORDERED that, based upon the above discussion:

1. Plaintiff's motion for summary judgment (D.I. 65) is **DENIED** without prejudice.

2. Plaintiff's motion to include additional prayer for injunction (D.I. 69) is **DENIED**.

3. Plaintiff's motion to compel (D.I. 85) is **DENIED**.

                              *Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge