IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERNON MONTGOMERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-001 (MN) |
| | ) |
| MANDY ONUOHA and JACOB PAYTON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Vernon Montgomery, Pro Se Plaintiff.

Louis J. Rizzo, Jr., REGER RIZZO & DARNALL LLP, Wilmington, Delaware. Counsel for Defendant Mandy Onuoha.

Nicholas D. Picollelli, Jr., Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware. Counsel for Defendant Jacob Payton.

February 14, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Vernon Montgomery, ("Plaintiff" or "Montgomery"), an inmate at James T. Vaughn Correctional Center ("JTVCC"), proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). He filed his Complaint on January 2, 2019, followed by an Amended Complaint on April 11, 2019. (D.I. 3, 7). The Amended Complaint is the operative pleading. (D.I. 7). Presently before this Court are Defendants' motions for summary judgment and Plaintiff's cross motion for summary judgment against Defendant Onuoha. (D.I. 72, 79, 87). Briefing is complete.

I.      **BACKGROUND AND FACTS PRESENTED BY THE PARTIES**

Montgomery filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. Montgomery was a pretrial detainee at the time of the November 29, 2018 occurrence. (D.I. 7 at 2, 5). This Court construes the Amended Complaint as alleging violations under the Eighth and Fourteenth Amendments for excessive force or misuse of force, failure to intervene, deliberate indifference, and assault and battery. (D.I. 7 at 5-7). The claims are raised against Defendants Mandy Onuoha ("Onuoha") and Jacob Payton ("Payton"). Montgomery seeks declaratory relief and compensatory, punitive, and nominal damages. (*Id*. at 9).

During his April 20, 2021 deposition, Montgomery testified that on November 29, 2018, Payton and Onuoha came to his cell door and Onuoha gave Montgomery a written sanction for Montgomery to sign. (D.I. 88-1 at 3). Montgomery refused to sign and told Onuoha all he had to do was write "inmate refused to sign." (*Id*.). According to Montgomery, Onuoha repeated his request at least once while pointing a chemical agent at Montgomery through the cell flap (*id*.

1

at 6, 8) and Onuoha may have also verbally warned Montgomery that he would be sprayed with the chemical agent if he continued to refuse Onuoha's orders (*id.* at 8).

Montgomery stated that when he told Onuoha all he had to write was "inmate refused to sign", Onuoha sprayed him with the chemical agent. (*Id.* at 3, 6, 8). Montgomery disagreed with the incident report that Onuoha deployed a three-second burst of sabre red pepper spray (*id.* at 3) and testified that "it was longer than that" (*id.*).

As to defendant Payton, Montgomery testified that Payton laughed at him but did not spray him with anything or make any physical contact with him (*id.* at 4) and that his only claims against Payton are for failure to intervene or deliberate indifference to Onuoha's alleged excessive force (*id.* at 5). The video of the incident depicts a version of the incident similar to that relayed by Montgomery. (D.I. 89).

Defendants move for summary judgment and Montgomery moves for summary judgment against Onuoha. (D.I. 72, 79, 87).

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, this Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party, and a factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986).

2

The nonmoving party bears the burden to establish the existence of each element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In doing so, the non-moving party must present specific evidence from which a reasonable fact finder could conclude in his favor. *Anderson*, 477 U.S. at 248; *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Summary judgment should be granted if no reasonable trier of fact could find for the non-moving party. *Radich v. Goode*, 886 F.2d 1391, 1395 (3d Cir. 1989). The same standards and burdens apply on cross-motions for summary judgment. *See Appelmans v. City of Philadelphia*, 826 F.2d 214, 216 (3d Cir. 1987).

### III.   DISCUSSION

#### A.   Eleventh Amendment

Both Defendants move for summary judgment on the claims raised against them in their official capacities. Montgomery does not oppose summary judgment on this ground. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.*

The official capacity claims against Defendants in their official capacities are barred by the Eleventh Amendment, and therefore, Defendants will be granted summary judgment on this issue.

**B.     Excessive Force**

Onuoha seeks summary judgment on the grounds that his use of mace was not a violation of Montgomery's rights under the Eighth Amendment. (D.I. 72). Montgomery filed a cross-motion for summary judgment against Onuoha on the grounds that Onuoha has no plausible defense against the constitutional violation Montgomery alleges. (D.I. 79). Payton seeks summary judgment on the excessive claim under the Fourteenth Amendment on the grounds that there is no evidence he used force. (D.I. 87).

Onuoha is correct that there was no violation of Montgomery's right under the Eighth Amendment. At the time of the incident, Montgomery was a pre-trial detainee. Excessive force claims for pretrial detainees are analyzed under the Fourteenth Amendment, *Sylvester v. City of Newark*, 120 F. App'x 419, 423 (3d Cir. 2005), while excessive force claims for those convicted of a crime are analyzed under the Eighth Amendment, *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). The standards are different.

In assessing a prisoner's excessive force claim under the Eighth Amendment, this Court focuses on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). A pretrial detainee claiming a substantive due process violation based on excessive force "must show . . . only that the officers' use of that force was objectively unreasonable" and not "that the officers were subjectively aware that their use of force was unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 391-92, 400-402 (2015).

4

Onuoha used the wrong standard in seeking summary judgment on the excessive force claim. To the extent Montgomery incorrectly alleged an excessive force claim under the Eighth Amendment, Onuoha's motion for summary judgment will be granted as a matter of law. All other claims raised against Onuoha in his individual capacity, including excessive force under the Fourteenth Amendment remain.

Montgomery's cross-motion for summary judgment speaks to the facts, but not the law. It appears to have been filed in response to Onuoha's motion which seeks summary judgment under the Eighth Amendment. Montgomery's motion states that Onuoha "has no plausible defense against the constitutional violation" he alleges. Montgomery's motion, however, does not state if it is the Eighth or the Fourteenth Amendment to which he refers, and he alleges violations of both amendments in the Amended Complaint. To the extent Montgomery seeks summary judgment on the excessive force claim under the Eighth Amendment, it will be denied as a matter of law because, as a pretrial detainee, his claim arises under the Fourteenth Amendment. It is not clear from the motion if Montgomery seeks summary judgment on the Fourteenth Amendment excessive claim and, therefore, the motion will be denied for lack of clarity.

Payton analyzed the excessive force claim under the correct standard. He points to the fact that there is no record evidence he used excessive force during the time of the incident. Indeed, it is undisputed that Payton did not touch Montgomery, mace Montgomery, or used force of any kind. Therefore, this Court will grant Payton's motion for summary judgment on the excessive force claim raised under the Fourteenth Amendment.

### C. Failure to Intervene

Montgomery alleges that Payton failed to intervene or take other action to prevent his physical abuse, and instead chose to laugh and stand at the door while Onuoha maced him.

5

Payton moves for summary judgment on the grounds that he did not have a duty to intervene before Onuoha sprayed Montgomery with the chemical agent and once Onuoha began spraying Montgomery, he did not have an opportunity to intervene.

As already noted, a pretrial detainee at the time of the incident, Montgomery is not subject to the Eighth Amendment's protections. Instead, the Fourteenth Amendment's Due Process Clause applies. *Thomas v. Cumberland Cty.*, 749 F.3d 217, n.4 (3d Cir. 2014) (citing *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004)). The Third Circuit, however, "has applied the same standard to a failure-to-protect claim under the Fourteenth Amendment as under the Eighth Amendment." (quoting *Thomas*, 749 F.3d 217, n.4). As stated, in *Smith v. Mensinger*, "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." 293 F.3d 641, 650 (3d Cir. 2002).

"[M]erely alleging that a defendant knew of a risk to the plaintiff is insufficient to support an inference of deliberate indifference absent any factual allegations supporting that conclusion, and thus cannot alone establish facial plausibility." *E.D. v. Sharkey*, C.A. No. 16-2750, 2017 WL 2126322 at *6, (E.D. Pa. May 16, 2017). *See, e.g.*, *Bistrian v. Levi*, 696 F.3d 352, 369 (3d Cir. 2012); *Buoniconti v. City of Phila.*, 148 F. Supp. 3d 425, 435 (E.D. Pa. 2015). Correctional officers, however, cannot "escape liability by turning either a blind eye or deaf ear to the illegal conduct of their colleagues." *Smith*, 293 F.3d at 652.

Here, Payton argues that he did not have a duty to intervene before Onuoha sprayed Montgomery with the chemical agent because the use of a chemical agent does not constitute excessive force. To the contrary, the Third Circuit held in *Robinson v. Danberg*, 673 F. App'x

6

205, 212 (3d Cir. 2016), that the use of force was more than *de minimis* force when an inmate was locked in his cell and posed no imminent threat to staff and inmates at the time he was allegedly maced. Here, Montgomery produced evidence that according to Payton's interview, Montgomery was facing away from the door, his back was facing the door, he had just walked away from the cell flap when Onuoha discharged the chemical agent, and Montgomery only reached for a mattress after he was being sprayed and used the mattress to block the spray. (D.I. 91 at 4).

Payton also argues that he did not have an opportunity to intervene once Onuoha began spraying Montgomery based upon his incident report that Onuoha "deployed a three second burst" and, because the use of force lasted only seconds, he did not have an opportunity to intervene. Montgomery argues, however, that the video shows Payton did in fact have an opportunity to intervene; when Onuoha unholstered the chemical agent, he could have closed the flap (as he held the keys) or told Onuoha "this is wrong, it's not in the policy." (D.I. 91 at 2). Even if there was only a three second burst of chemical agent, the evidence submitted by Montgomery shows that Onuoha unholstered the chemical agent thirty seconds before dispersing it into Montgomery's cell. (*Id*. at 4). The record evidence, taken as a whole and viewed in the light most favorable to Montgomery, raises sufficient issues of fact of whether Payton had a reasonable opportunity to intervene but failed to do so.

Additionally, issues of material fact preclude summary judgment on the issue of qualified immunity. The duty to intervene was clearly established at the relevant time. *See Bistrian*, 696 F.3d at 371; *Smith*, 293 F.3d at 650 (holding that "a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so"); *Natale*

7

*v. Camden Cty. Corr. Fac*, 318 F.3d 575, 581 (3d Cir. 2003) ("the Supreme Court has concluded that the Fourteenth Amendment affords pretrial detainees protections at least as great as the Eighth Amendment protections available to a convicted prisoner.").

Payton's motion for summary judgment on the failure to intervene claim will be denied.[1]

### D.  Deliberate Indifference

Montgomery alleges that Payton was deliberately indifferent to Montgomery's safety. Payton moves for summary judgment on the grounds that there is no evidence of his deliberate indifference. Montgomery responds that Payton was deliberately indifferent to the use of excessive force and that Payton knew the excessive force use policy.

Montgomery seems to raise the deliberate indifference claim with regard to excessive force and/or failure to protect. As discussed those claims fall under the Fourteenth Amendment and not the Eighth Amendment due to Montgomery's status as a pretrial detainee. Therefore, Payton's motion for summary judgment on this ground will be granted.

### E.  Assault and Battery

Payton moves for summary judgment on the assault and battery claim raised against him on the grounds there is no evidence of record that he is directly liable for battery or assault. The claim arrives under Delaware law. Montgomery did not respond to this ground for summary judgment.

To prevail on a claim for assault and battery against Payton, Montgomery must show "an intentional, unpermitted contact upon the person of another which is harmful or offensive." *Browne v. Saunders*, 768 A.26 467 (Del. 2001) (table); *Atamian v. Hawk*, 842 654, 660 (Del.

---

[1]  As will be discussed, this is the only claim against Payton that survives summary judgment.

Super. 2003). There is no record evidence of any physical contact by Payton. Therefore, summary judgment will be granted on the assault and battery claim raised against Payton.

## V. CONCLUSION

For the above reasons, this Court will: (1) grant-in-part and deny-in-part Onuoha's motion for summary judgment (D.I. 72); (2) deny Montgomery's motion for summary judgment (D.I. 79); and (3) grant-in-part and deny-in-part Payton's motion for summary judgment (D.I. 87).

An appropriate order will be entered.