IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERNON MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-001 (MN) |
| | ) | |
| MANDY ONUOHA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

At Wilmington, this 31st day of August 2022;

1.     **Introduction**.   Plaintiff Vernon L. Montgomery ("Montgomery"), an inmate at James T. Vaughn Correctional Center, filed this action alleging excessive force and failure to intervene.   He proceeds *pro se*.   On February 14, 2022, this Court granted-in-part and denied-in-part Defendants' motion for summary judgment.   (D.I. 98, 99).   Defendant Jacob Payton ("Payton") moves for reargument and/or reconsideration of the Memorandum Opinion. (D.I. 102, 103).   Plaintiff opposes.   (D.I. 106).   Plaintiff has filed motions to set a trial date, a motion for privacy and respect of the Sixth Amendment, construed as a motion for injunctive relief, a motion for copies of discovery materials, and a motion for protective order and preliminary injunction and request of discovery materials from Defendants.   (D.I. 104, 105, 107, 108, 109, 110).

2.     **Reconsideration**.   The standard for obtaining relief under Rule 59(e) is difficult for Payton to meet.   The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."   *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).   "A proper Rule 59(e) motion . . . must rely on one of three grounds:   (1) an intervening change in controlling law; (2) the availability of new

evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).   A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.   *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).   Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."   *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).   Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Id*. at 1241 (citations omitted); *See also* D. Del. LR 7.1.5.

3.     Payton seeks reargument/reconsideration on the grounds that this Court misunderstood his arguments, made a clear error of fact and/or law in finding that Plaintiff raised sufficient issues of fact of whether Payton had a reasonable opportunity to intervene but failed to do so, and made a clear error of law in finding that Payton was not entitled to qualified immunity. This Court has reviewed the filings and considered Plaintiff's motion.   Contrary to Payton's position, this Court did not misunderstand his arguments.   Because there are disputed issues of fact, summary judgment is not appropriate.   In addition, because there are disputed facts, "a decision on qualified immunity will be premature when there are unresolved disputes of historical facts relevant to the immunity analysis."   *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002). Inasmuch as there remain disputed issues of fact material to the qualified immunity determination, reconsideration is not appropriate.   In sum, Payton has failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant

granting reconsideration.   *See Max's Seafood Café*, 176 F.3d at 677.   Therefore, the motion will be denied.

4.   **Trial Settings**.   Plaintiff has filed a number of motions asking for a trial setting. The motions are premature at this time and will be denied without prejudice.   (D.I. 104, 105, 107).   Pursuant to the Court's February 14, 2022 Memorandum and Order (D.I. 98, 99), this case was referred to Chief Magistrate Judge Thynge for mediation.   As Payton's motion for reconsideration was filed on February 28, 2022, the case never proceeded to mediation with Judge Thynge.   Now that the Court has denied the motion for reconsideration, the Court requests that Judge Thynge reach out to the parties to schedule mediation.

5.   **Motion for Injunctive Relief**.   Plaintiff seeks an order for the Delaware Department of Correction to prohibit its officers from going through each page of Plaintiff's legal mail.   (D.I. 108).   The motion is construed as a motion for injunctive relief and will be denied. A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See*, *e.g.*, *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint").   Also, the motion is not directed to any named defendant.

6.   **Motion for Copies of Discovery Materials**.   Plaintiff seeks an order for Defendants to furnish him with all discovery previously requested including, but not limited to, DOC internal documents about Defendant Mandy Onuoha's ("Onuoha") investigation in the excessive force and his subsequent termination from DOC.   (D.I. 109, 110).   The motions will be denied.   Plaintiff's request for all discovery previously requested does not indicate if Defendants objected to any requests and, if so, does not identify those discovery requests objected to.   In addition, it seems Plaintiff seeks copies of all discovery previously provided him.

Plaintiff provides no reason for this request.   Defendants have no obligation to provide additional copies of previously provided discovery.

7.    **Motion for Emergency Preliminary Injunction**.   Plaintiff seeks an emergency protective order against Onuoha for the duration of this case.   (D.I. 110).   Defendants did not respond to the motion.   The motion will be denied.   Plaintiff contends an order is necessary because Onuoha assaulted him, lied about it, was fired for his actions, and then rehired by the Delaware Department of Correction at a higher rank.   Plaintiff explains that he was in a building where Onuoha was assigned to work as a field training officer, and he was moved to solitary confinement for mirroring the actions of Onuoha.

8.    A disciplinary report attached to the motion indicates that on July 12, 2022, Onuoha believed Plaintiff was trying to goad him and that Onuoha was scared for his life by Plaintiff's actions.   (D.I. 110 at 2).   Onuoha dropped the water bottle he was holding when Plaintiff aggressively walked towards him and, in turn, Plaintiff dropped his file and water bottle and kept approaching Onuoha in an aggressive stance.   (*Id*.).   Two other officers directed Plaintiff to return to his building multiple times before Plaintiff obeyed the order.   Plaintiff has not provided grounds for injunctive relief or a protective order, particularly that Plaintiff is likely to succeed on the merits.   *See NutraSweet Co. v. Vit-Mar Enterprises, Inc*., 176 F.3d 151, 153 (3d Cir. 1999) (preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest").

9.    **Conclusion**.   THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that:   (1) Payton's motion for reargument/reconsideration (D.I. 102) is DENIED; (2) Plaintiff's motion to clarify his intentions, motion for trial, and motion for trial schedule (D.I. 104,

105, 107) are DENIED as premature; (3) Plaintiff's motion for privacy and respect of the Sixth Amendment construed as a motion for injunctive relief (D.I. 108) is DENIED; (4) Plaintiff's motion for copies of discovery materials (D.I. 109) is DENIED; and (5) Plaintiff's motion for emergency preliminary injunction (D.I. 110) is DENIED.

The Honorable Maryellen Noreika
United States District Judge